**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:18-cv-00199-JHM-CHL**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

PLAINTIFF,

v.

DDZ, INC., d/b/a, DDZ CA, Inc., formerly known as
ZOO PRINTING, INC.,

DEFENDANT

_____

### CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC"), an agency of the

United States of America, alleges that Defendant, DDZ, Inc., d/b/a, DDZ CA, Inc.,

formerly known as Zoo Printing, Inc., ("Defendant") (i) failed to hire female

applicants for the entry-level position of Boxer/Packer at its Louisville, Kentucky,

facility between January 2013 and December 2015, and (ii) subjected female

employees to a hostile-work environment because of their sex in violation of Title

VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to

2000e-17.

The parties wish to settle this action by Consent Decree and agree to the

power of this Court to enter a Consent Decree enforceable against the parties. The

parties further agree that this Consent Decree fairly resolves the issues alleged by

EEOC and constitutes a complete resolution of all EEOC claims of unlawful

employment practices that were made against Defendant in the EEOC's Complaint and Charge of Discrimination No. 474-2015-00285, as amended.

It is therefore the finding of this Court, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and 3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 49 below.

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## I. JURISDICTION

1.      The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

2.      The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

## II. DEFINITIONS

3.      **Effective Date**: The Effective Date of this Decree is the date on which the Court enters the Decree.

4.      **Applicant Class Member**: An Applicant Class Member is an individual who self-identifies as female who unsuccessfully sought employment at Defendant's Louisville, Kentucky, facility between January 2013 and December 2015, and either:

a. Submitted at least one employment application and did not indicate a preference for an office, managerial, customer service, healthcare, administrative, or part-time position; or

b. Submitted a resume in response to a Boxer or Packer job posting and did not indicate a preference for an office, managerial, customer service, healthcare, administrative, or part-time position.

5.     **Employee Class Member**: An Employee Class Member is an individual who self-identifies as female who was employed at Defendant's Louisville, Kentucky, facility at any time between June 2014 and November 2016, and who the EEOC determined was affected by the Title VII violations arising from the investigation of Charge No. 474-2015-00285.

6.     **Eligible Claimant**: An Eligible Claimant is either an Applicant Class Member or an Employee Class Member, as defined under this Decree, eligible to obtain monetary relief pursuant to this Decree.

7.     **Defendant:** DDZ CA, Inc., formerly known as Zoo Printing, Inc., its predecessors, successors, officers, agents, and other persons in active concert or participation with the Defendant in its business operations. For the purposes of Part IV (Equitable Relief) and Part V (Monetary Relief), the parties acknowledge that the assets of Zoo Printing, Inc. were purchased by PrintBuyer, LLC in an asset-purchase transaction on or about November 1, 2016, which transaction included but was not limited to the name "Zoo Printing, Inc." and the Kentucky operations of Zoo Printing, Inc. The parties further acknowledge that PrintBuyer, LLC closed the

Kentucky operations of Zoo Printing, Inc. in their entirety in 2017. The parties further acknowledge that DDZ, Inc. has not operated any business in Kentucky since the closing of the asset-purchase transaction on November 1, 2016. The parties further acknowledge that the relief paragraphs of this Decree (Paragraphs IV [Equitable Relief] and Paragraph V [Monetary Relief]), shall bind only DDZ, Inc., and not the buyer entity, PrintBuyer, LLC.

### III. TERM AND SCOPE OF DECREE

8.      The duration of this Decree shall be twenty-four (24) months from the date of entry by the Court.

9.      Nothing in this Decree shall be construed to preclude EEOC from moving the Court to enforce this Decree in accordance with the enforcement provisions of this Decree.

10.      Neither this Consent Decree nor any order approving this Consent Decree is or shall be construed as an admission by Defendant of the truth of any allegation or the validity of any allegations asserted in this civil action or of Defendant's liability therefore, nor as a concession or an admission of any fault or omission of any act or failure to act by Defendant.

11.      Nothing in this Decree shall be deemed to create any rights on the part of non-parties to enforce this Decree. The right to seek enforcement of this Decree is vested exclusively in the parties. Nothing in this Decree or its enforcement shall be construed to abridge any party's rights under the Local Rules of this Court or the Federal Rules of Civil Procedure.

## IV. EQUITABLE RELIEF

12.     Defendant shall be permanently enjoined from engaging in any employment practice that discriminates based on sex, including but not limited to refusing to hire an applicant based on sex and sexual harassment.

13.     Defendant shall be permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

14.     Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination against the Defendant; because such person files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII.

## V. MONETARY RELIEF

15.     Defendant agrees to pay Six Hundred Twenty-Five Thousand Four Hundred Dollars and zero cents ($625,400.00), as follows:

a.     Five Hundred Thousand Dollars and zero cents ($500,000.00) shall constitute back pay, payable to Applicant Class Members, as determined by the EEOC;

b.      Ninety Thousand Four Hundred Dollars and zero cents ($90,400.00) shall constitute compensatory damages, payable to Employee Class Members, as determined by the EEOC; and

c.      Thirty-Five Thousand Dollars and zero cents ($35,000.00) shall be used to pay a Claims Administrator the fees and costs associated with administering and disbursing the settlement fund.

16.      Within ten (10) business days of the entry of this Decree, EEOC will select a Claims Administrator to handle the claims process for distribution of the settlement fund. Administration fees and costs shall not exceed the amount specified in paragraph 15(c) above.

17.      Within ten (10) business days of entry of this Decree, the Claims Administrator shall establish an account to hold in trust the settlement fund which will be a Qualified Settlement Fund ("QSF"). The Claims Administrator shall notify the parties when the QSF is established and ready for deposit. Upon receiving notice that the QSF is established and ready for deposit, Defendant shall direct the wire transfer of Six Hundred Twenty-Five Thousand Four Hundred Dollars and zero cents ($625,400.00) to the QSF. All interest earned on the settlement fund shall accrue to the settlement fund.

18.      The Claims Administrator shall:

a.      Mail notices and forms related to identification of Eligible Claimants, and claim forms;

b.      Receive claim forms;

c.      Transmit notification of monetary awards;

d.   Issue checks to Eligible Claimants from the QSF;

e.   Withhold appropriate taxes on all back pay awards, pay the employer's share of FICA and other employer taxes from funds provided by Defendant, and issue appropriate tax reporting forms to Eligible Claimants;

f.   Prepare and file all appropriate tax filings and reports, including but not limited to tax returns required to be filed by the settlement fund and W-2 and 1099 forms for all payments from the settlement fund; and

g.   Perform other administrative tasks as it may deem necessary to facilitate the claims process, which may include:

   i.   Assist in locating Eligible Claimants;

   ii.   Receive and process telephone and/or written inquiries from Eligible Claimants;

   iii.   Create, track and maintain data regarding Eligible Claimants and payments made from the settlement fund;

   iv.   Provide status reports and copies of documents to the EEOC, as requested;

   v.   Provide Defendant with: (1) electronic copies of a sample of each mailing sent to potential Eligible Claimants, Applicant Class Members and Employee Class Members, including but not limited to mailings required in paragraphs 23, 30 and 35; (2) electronic copies to Defendant of all mailings sent to potential Eligible Claimants, Applicant Class Members and Employee Class Members or received from potential Eligible Claimants, Applicant Class Members and Employee Class Members within three business days after request by Defendant, with notice of such request provided contemporaneously to the EEOC; (3) executed Eligible Claimant Releases (as defined in paragraph 31).

   vi.   Perform other duties set forth in this Decree and as the EEOC reasonably determines as necessary to administer the Decree.

19.     If EEOC determines at any time that the Claims Administrator cannot perform its duties in a proficient, cost-effective manner, EEOC shall select an alternative Claims Administrator and provide immediate notice in writing to Defendant identifying the alternative Claims Administrator and all other instructions to the alternative Claims Administrator necessary to transition Claims Administrator duties.

## VI. CLAIMS PROCESS

**Applicant Class Members**

20.     Within thirty (30) calendar days of entry of the Decree, EEOC shall provide the Claims Administrator with:

    a.     An Excel list of potential Applicant Class Members who sought employment with Defendant in 2013 or 2014, as defined under this Decree;

    b.     All applications and resumes in the EEOC's possession covering potential Applicant Class Members who sought employment with Defendant in 2015, as defined under this Decree.

21.     Based on the information received from the EEOC (paragraph 20 above), the Claims Administrator shall prepare a preliminary Excel list of all known potential Applicant Class Members, as defined by this Decree, which shall include name, address, telephone number(s), and the month and year of application or resume submission.

22.     To provide the best notice practicable, before any mailing to such individuals, the Claims Administrator shall run the list of all potential Applicant

Class Members through the United States Postal Service's National Change of Address database ("NCOA"). The Claims Administrator shall engage in good faith efforts to complete the Applicant Class Member database within three (3) months after entry of the Decree, which shall then be forwarded to EEOC for review and approval.

23.     Assuming approval by the EEOC, within thirty (30) calendar days of approval by the EEOC, the Claims Administrator shall send out a notice to all potential Applicant Class Members ("Applicant Notice").

24.     Based on responses to the Applicant Notice so that only persons certifying their status as female will be deemed to be eligible, and input from the EEOC, the Claims Administrator shall update the Excel list in order to develop a final list of Applicant Class Members.

25.     Within thirty (30) calendar days of receipt of a final list of Applicant Class Members, the EEOC shall determine the amount to be paid to each Applicant Class Member. The amount determined to be paid to each Applicant Class Member is within the sole discretion of the EEOC.

26.     The EEOC shall include the payment information set forth in Paragraph 25 on the final list of Applicant Class Members and return it to the Claims Administrator so that the Claims Administrator can inform Defendant of the amount of back pay to be distributed to each Applicant Class Member.

27.     Within forty-five (45) calendar days after the Claims Administrator receives from the EEOC the payment information set forth in paragraph 26, the

Claims Administrator shall provide Defendant with Defendant's estimated amount of applicable taxes (e.g., FICA).

**Employee Class Members**

28.     EEOC shall determine the amount of compensatory damages to be paid to each Employee Class Member found by the EEOC to have been affected by the Title VII violations arising from the investigation of Charge No. 474-2015-00285. The monetary amount to be allocated to each Employee Class Member is within the sole discretion of the EEOC.

29.     The EEOC shall provide an Excel list of Employee Class Members eligible to receive a compensatory damage award to the Defendant and Claims Administrator that includes each individual's name, address, telephone number, and amount of award.

**Payments to Eligible Class Members**

30.     Within thirty (30) calendar days after receiving the award determinations from the EEOC, the Claims Administrator shall notify each Eligible Claimant via U.S. First Class Mail of the amount of her payment. Notice to the Applicant Class Members will be in the form set forth as Exhibit B. Notice to the Employee Class Members will be in the form set forth as Exhibit C.

31.     Along with the notice of award, the Claims Administrator shall mail to each Eligible Claimant a Release (attached Exhibit D) ("Release"), and all applicable tax reporting forms. Any potential Eligible Claimant whose executed Release and completed tax reporting form(s) are not received by the Claims

Administrator within sixty (60) calendar days of original mailing, or thirty (30) calendar days after the date the original mailing is re-mailed due to having been returned (see paragraph 33 below), shall be ineligible to receive any relief under this Decree, except that the Claims Administrator shall engage in outreach with any potential Eligible Claimant who timely responded but returned a deficient Release and/or tax reporting form(s) and provide an additional thirty (30) calendar days to properly complete and return such forms. Any further exception to the untimely receipt of the Release and/or any required tax reporting form(s) must be mutually agreed upon by EEOC and Defendant, through legal counsel.

32.     Within thirty (30) calendar days after the last deadline in paragraph 31, the Claims Administrator shall create an Excel list of all Eligible Claimants who timely responded. The Claims Administrator will consult with EEOC prior to making any final determination that the documents received by an Eligible Claimant are deficient. The Claims Administrator shall also, if necessary, re-calculate Defendant's amount of applicable taxes (e.g., FICA). The Claims Administrator shall then provide EEOC and Defendant with the Excel list of all Eligible Claimants who timely responded and copies of all executed Eligible Claimant Releases, and notify Defendant of its amount of applicable taxes (e.g., FICA). Upon receipt of this information from the Claims Administrator, Defendant will wire transfer its amount of applicable taxes (e.g., FICA) for deposit into the QSF. In the event that Defendant's final tax payment amount is less than the

amount deposited to the QSF for such tax payments, the Claims Administrator shall refund the excess to Defendant.

33. If envelopes from the mailing of the notification of award are returned with a forwarding address, the Claims Administrator will re-mail the notification of award to the new address within three (3) business days. If no forwarding address has been provided, the Claims Administrator will promptly notify the EEOC, and the EEOC may attempt to obtain updated address information. If the EEOC provides new addresses to the Claims Administrator, the Claims Administrator will re-mail claim packages within five (5) business days of receipt of the new address and forward any additional executed Eligible Claimant Releases to Defendant.

34. For claims received after the filing deadline, the Claims Administrator shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award.

35. The Claims Administrator shall issue checks to each Eligible Claimant within thirty (30) calendar days of the date Defendant wire transferred its amount of applicable taxes (e.g., FICA) into the QSF. The checks will be valid for sixty (60) calendar days from the date of the check and thereafter will be viewed as stale and void.

36. The Claims Administrator shall be responsible for preparing and filing all appropriate tax filings and reports, including, but not necessarily limited to, W-2 and 1099 forms for all Eligible Class Members for their payments from the settlement fund, as well as any required for the settlement fund. The Claims

Administrator shall be responsible for reporting and remitting to the appropriate taxing authorities the employer's share of taxes or contributions required to be paid by Defendant in a timely manner after receipt of the amount due for those payments from Defendant.

**Returned and/or uncashed checks**

37.    If any checks are returned as undeliverable, the Claims Administrator will attempt to find an updated address. If an updated address can be found, the check shall be re-mailed.

38.    If an Eligible Claimant fails to present her check after sixty (60) calendar days of it being issued, the Claims Administrator will provide the EEOC with the name, last known address, and telephone number, if known, of the Eligible Claimant, and the EEOC may make additional efforts to locate the Eligible Claimant.

39.    If there are any unallocated funds remaining in the settlement fund after these efforts to locate Eligible Claimants, and secure completed Release and tax reporting forms, and payment to the Claims Administrator for its costs and fees, the Claims Administrator, upon direction from the EEOC, shall distribute the remaining balance of the settlement fund to the Louisville area non-profit Center for Women and Families.

**Payments to deceased Eligible Claimants**

40.    Any allocation paid to a deceased Eligible Claimant shall be made payable to the estate of the deceased Eligible Claimant upon timely receipt by the

Claims Administrator of proper written proof of the state's entitlement to receive the deceased Eligible Claimant's assets.

## VII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

41.     This Court shall retain jurisdiction to enforce this Consent Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions, injunctive relief and determination of successor liability.

42.     The parties may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.

43.     Should the Court determine that a party has not complied with this Decree, appropriate relief, including monetary sanctions may be ordered against the non-complying party and/or this Decree may be extended for such period as may be necessary to remedy the non-compliance.

44.     If a party moves to enforce the Decree, and the Court determines that a party has not complied with this Decree, the non-complying party shall pay the moving party's costs and attorney's fees.

45.     Prior to initiating an action to enforce the Decree, the party seeking compliance will provide written notice to the other party of the nature of the dispute ("Notice of Dispute"). This Notice of Dispute shall specify the provision(s) believed to have been breached and a statement of the issues in dispute. The Notice of Dispute may also include a request for documents or information relevant to the dispute.

46.     Within fourteen (14) business days after service of the Notice of Dispute, the party receiving the notice will provide the other party a written response and provide the requested documents or information.

47.     If the dispute has not been resolved within thirty (30) calendar days after service of the Notice of Dispute, an action to enforce the Decree may be brought in this Court. The provisions of this section do not prevent a party from bringing an issue before the Court when the facts and circumstances require immediate Court action.

48.     It is acknowledged that monetary relief set forth herein constitutes a debt owed to and collectible by the United States.

## VIII. COSTS AND ATTORNEY'S FEES

49.     Except as noted in paragraph 44 above, each party shall be responsible for and shall pay its own costs and attorney's fees.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 13, 2018

Copies to:

Aimee L. McFerren
Equal Employment Opportunity
Commission
600 Dr. Martin Luther King, Jr. Place,
Suite 268
Louisville, KY 40202

Counsel for Plaintiff


Jamie M. Goetz Anderson
Jackson Lewis, P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202

Paul Patten
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601

Counsel for Defendant

# EXHIBIT A - APPLICANT NOTICE

## CLAIMS ADMINISTRATOR LETTERHEAD

[Insert Name and Address]

Dear [Insert Name]:

We have been retained by the United States Equal Employment Opportunity Commission (EEOC) and DDZ, Inc., d/b/a, DDZ CA, Inc., formerly known as Zoo Printing, Inc. (DDZ), to process claims based on a settlement of a lawsuit.

EEOC alleged that DDZ discriminated against female applicants who applied for entry-level employment at what was then Zoo Printing's Louisville, Kentucky facility between January 1, 2013 and December 31, 2015. The facility has since closed.

You have been identified as an individual who may have applied for an entry-level job between January 1, 2013 and December 31, 2015, but were not hired. **As part of the settlement, the EEOC may determine that you are eligible to receive a monetary reward.** Please complete, sign, and return the enclosed verification form so that the EEOC can evaluate your eligibility. You should complete and mail back the forms as soon as possible, but no later than ---- days after the date this Notice was mailed out (postmarked).

There has not been any finding that DDZ engaged in discrimination, any payments made by DDZ do not constitute an admission of any violation of the law, and DDZ denies any violation of law. But as part of DDZ's equal employment opportunity efforts, the EEOC agreed to resolve the matter in a collaborative effort.

If you have any questions regarding this matter, please direct your questions to [*Insert applicable telephone number*].

Sincerely,

[Insert applicable contact person]

**VERIFICATION**

Correct legal name (please print): _____

Current street address: _____

Current telephone number(s): _____

Email Address: _____

I applied for a job at what was then Zoo Printing's Louisville, Kentucky facility between January 1, 2013 and December 31, 2015, but was not hired.

      o   Yes
      o   No

I am female.

      o   Yes
      o   No

I certify the above as true and correct.

_____      _____

Signature                                    Date

## EXHIBIT B - NOTICE OF AWARD TO APPLICANT CLASS

### CLAIMS ADMINISTRATOR LETTERHEAD

[Insert Name and Address]

Dear [Insert Name]:

We have been retained by the United States Equal Employment Opportunity Commission (EEOC) and DDZ, Inc., d/b/a, DDZ CA, Inc., formerly known as Zoo Printing, Inc. (DDZ), to process claims based on a settlement of a lawsuit.

The EEOC has determined that you are eligible to participate in the settlement based on your application for employment at DDZ between January 1, 2013 and December 31, 2015.

**Based on the settlement, you are eligible to receive a payment of $_____.**

There will be deductions for state and federal withholding for a portion of the payment, and the remaining portion will be a lump sum. As a condition for receipt of this payment, you are required to comply with the following: (1) sign and return a copy of the enclosed tax reporting form and (2) sign and return the enclosed Release. The tax reporting forms and Release must be delivered to [Insert Claims Administrator] at _____no later than _____ [Insert date 60 days from the date of this letter]. For your convenience, enclosed is a self-addressed return envelope.

This settlement only applies to you if you are female and applied for a job at what was then Zoo Printing's Louisville facility between January 1, 2013 and December 31, 2015, but were not hired. If you do not meet these requirements for eligibility, please disregard this letter.

There has not been any finding that DDZ engaged in discrimination, any payments made by DDZ do not constitute an admission of any violation of the law, and DDZ denies any violation of law. But as part of DDZ's equal employment opportunity efforts, the EEOC agreed to resolve the matter in a collaborative effort.

If you have any questions regarding this matter, please direct your questions to [*Insert applicable telephone number*].

Sincerely,

[Insert applicable contact person]

# EXHIBIT C - NOTICE OF AWARD TO EMPLOYEE CLASS

## CLAIMS ADMINISTRATOR LETTERHEAD

[Insert Name and Address]

Dear [Insert Name]:

We have been retained by the United States Equal Employment Opportunity Commission (EEOC) and DDZ, Inc., d/b/a, DDZ CA, Inc., formerly known as Zoo Printing, Inc. (DDZ), to process claims based on a settlement of a lawsuit.

EEOC alleged that DDZ discriminated against certain female employees who worked at what was then Zoo Printing's Louisville, Kentucky facility between January 1, 2013 and December 31, 2015. The facility has since closed.

The EEOC has determined that you are eligible to participate in the settlement because you (1) are female (2) worked at the Louisville facility at some time between June 2014 and November 2016, and (3) were found to have been affected by violations of Title VII of the Civil Rights Act of 1964, arising from the EEOC's investigation of alleged discrimination.

**Based on the settlement, you are eligible to receive a payment of $_____.**

As a condition for receipt of this payment, you are required to comply with the following: (1) sign and return a copy of the enclosed tax reporting form and (2) sign and return the enclosed Release. The tax reporting forms and Release must be delivered to [Insert Claims Administrator] at _____ no later than _____ [Insert date 60 days from the date of this letter].  For your convenience, enclosed is a self-addressed return envelope.

You may owe income taxes on this payment to you, which will be reported on an IRS Form 1099. This settlement only applies to you if you are female and worked at the Louisville facility at some time between June 2014 and November 2016. If you do not meet these requirements for eligibility, please disregard this letter.

There has not been any finding that DDZ engaged in discrimination, any payments made by DDZ do not constitute an admission of any violation of the law, and DDZ denies any violation of law. But as part of DDZ's equal employment opportunity efforts, the EEOC agreed to resolve the matter in a collaborative effort.

If you have any questions regarding this matter, please direct your questions to [*Insert applicable telephone number*].

Sincerely,

[Insert applicable contact person]

# EXHIBIT D - RELEASE

In consideration of payment of $_____, paid to me on behalf of  DDZ, Inc., d/b/a DDZ CA, Inc., formerly known as Zoo Printing, Inc., ("DDZ") in connection with resolution of *Equal Employment Opportunity Commission v. DDZ, Inc., d/b/a DDZ CA, Inc., formerly known as Zoo Printing, Inc.*, Civil Action No. ----, I hereby fully and forever release and discharge DDZ, its related and affiliated entities, successors, and assigns, and their respective present and former owners, officers, attorneys, directors, shareholders, insurers, reinsurers, employees and agents and waive my right to recover for any claims of gender discrimination arising under Title VII of the Civil Rights Act of 1964, that I may have had against DDZ prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in Civil Action No. ----, or arising out of Charge No. 474-2015-00285.

I agree that I will be solely and individually responsible for paying any taxes (including FICA or otherwise) which may be due or owing by me, if any, as a result of the payment of the sum set forth above.

I acknowledge that I have not relied on any representations made by DDZ or the EEOC or the [Claims Administrator] relating in any way to the tax treatment of the payment made pursuant to this agreement.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

Date: _____

Signature: _____